**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2426
_____

MIDDLEBROOK AT MONMOUTH

v.

BRUCE J. LIBAN,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 09-cv-03846)
District Judge:  Honorable Garrett E. Brown, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 23, 2011
Before:  SCIRICA, SMITH AND VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  March 23, 2011)

_____

OPINION
_____

PER CURIAM

        In the District Court, Bruce J. Liban filed what he explicitly termed an appeal of a

decision by the New Jersey Supreme Court.  His submission to the District Court was not

a model of clarity.  However, from the documents he presented, it is apparent that his

landlord, Middlebrook at Monmouth, brought an eviction suit in the Superior Court of

New Jersey (Law Division - Special Civil Part of Monmouth County) against him for violating the terms of his lease by not keeping the apartment in clean and sanitary conditions and by creating a hazard. After taking testimony, the trial judge held that Liban had violated his lease and ordered a judgment for possession in favor of the landlord. Although Liban did not offer evidence that he appealed from the judgment in the state court system, he asserted that he had exhausted his state appellate remedies.

Liban listed several issues which he identified as errors made by the trial court judge, such as ruling without allowing him to cross-examine a witness, interrupting his testimony, and receiving false testimony. He contended that any one of the errors was a sufficient basis to vacate the state court judgment. Based on the claimed errors, he asked the District Court to dismiss the eviction suit against him, stay the order of eviction and allow him back into the apartment, and disallow any future eviction suit by Middlebrook at Monmouth.

The District Court reviewed Liban's filing and dismissed it pursuant to the Rooker-Feldman doctrine.[1] Liban filed a motion for reconsideration, asserting that he brought due process claims that must be heard because the state court trial judge did not allow him to present a defense to the eviction suit. The District Court denied the motion.

Liban appeals. He contends that the Rooker-Feldman doctrine does not bar his suit because his due process claims were not decided by the state court. He argues that violations of his due process rights stemmed from the state court trial judge's errors and

[1]The doctrine derived from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

that her errors are substantial enough to merit a different outcome in the eviction case. As he asked the District Court, he asks us to dismiss the eviction case, bar any future such case, and allow him to return to his apartment. He also presents a motion in which he requests oral argument and permission to supplement the record.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order dismissing Liban's suit. See Turner v. Crawford Square Apts. III, L.P., 449 F.3d 542, 547 (3d Cir. 2006) ("Our review of the district court's application of the Rooker-Feldman doctrine is plenary.") Generally, our review of an order denying a motion for reconsideration is for abuse of discretion, but to the extent the denial is based on the interpretation and application of a legal precept, our review is plenary. See Koshatka v. Philadelphia Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985).

The District Court did not err in dismissing Liban's complaint or denying Liban's motion for reconsideration because his suit was barred by the Rooker-Feldman doctrine. In Exxon Mobil Corp. v. Saudi Basic Indus. Corp., the Supreme Court confined the application of the Rooker-Feldman doctrine to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. 280, 284 (2005). Accordingly, for the doctrine to apply, four requirements must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court

3

to review and reject the state judgments." <u>Great Western Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 166 (3d Cir. 2010).

Liban's suit falls within the class of cases to which the <u>Rooker</u>-<u>Feldman</u> doctrine applies. He lost the eviction suit in state court before he filed his action in the District Court. In his complaint, he complained of injuries caused by the judgment in favor of his landlord.[2] See <u>Great Western Mining & Mineral Co.</u>, 615 F.3d at 166-67 (presenting examples of when an injury is caused by a state court judgment instead of a defendant's action). He clearly and explicitly sought review and rejection of the state court decision. As he said, he filed suit because he wished to appeal in the District Court the order issued by the state court. However, federal district courts do not have appellate jurisdiction over state court decisions. See <u>Exxon Mobil Corp.</u>, 544 U.S. at 284-85. They cannot review proceedings conducted by a state tribunal to determine whether it reached its result in accordance with law. See <u>Great Western Mining & Mineral Co.</u>, 615 F.3d at 169.

For these reasons, we will affirm the District Court's judgment. We deny Liban's motion for oral argument and to supplement the record.

---

[2] Although Liban described, among other things, alleged due process violations by the trial judge, they were not independent claims, as he asserts. He presented them in support of his claim that the state court judgment should be overturned; he did not sue the trial judge. Even if he had, the claims against her, essentially complaints about what evidence she allowed and did not allow at trial, would be barred by the doctrine of judicial immunity. <u>See</u> <u>Mireles v. Waco</u>, 502 U.S. 9, 11-12 (1991).

4